# Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

**Jenna Barrington,**
Plaintiff,

v.

**FM Salt Lake Care Properties LLC,**
d/b/a **Escalante at Coventry**,
**Frontier Management, LLC** and/or **Frontier Senior Living, LLC**,
Defendants.

Case: 2:26–cv–00028
Assigned To : Bennett, Jared C.
Assign. Date : 1/12/2026
Description: Barrington v. FM Salt Lake Care Properties, et al

**COMPLAINT**

Plaintiff Jenna Barrington, proceeding **pro se**, alleges as follows:

——

**I. JURISDICTION AND VENUE**

    1.   This action arises under **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e et seq.

    2.   This Court has subject-matter jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction).

    3.   This Court has supplemental jurisdiction over related state-law claims under **28 U.S.C. § 1367**.

    4.   Venue is proper in the District of Utah under **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred in Utah.

    5.   Plaintiff exhausted all required administrative remedies. Plaintiff filed a charge of discrimination with the Utah Labor Commission Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission ("EEOC").

    6.   The EEOC issued a **Notice of Right to Sue**, which Plaintiff received on **December 23, 2025**. This action is timely filed within ninety (90) days.

——

## II. PARTIES

7. Plaintiff **Jenna Barrington** is an individual residing in Utah.

8. Defendant **FM Salt Lake Care Properties LLC**, doing business as **Escalante at Coventry**, is a business entity operating a senior living facility in Utah.

9. Defendant **Frontier Management, LLC** and/or **Frontier Senior Living, LLC** are parent and/or managing entities exercising control over Escalante at Coventry, with principal offices at **3500 Maple Ave, Suite 350, Dallas, Texas 75219**.

10. At all relevant times, Defendants were Plaintiff's employer within the meaning of Title VII.

_____

## III. FACTUAL ALLEGATIONS

11. Plaintiff is a registered nurse with six years of professional nursing experience.

12. Beginning in October 2021, Plaintiff worked at Escalante at Coventry as a hospice and home health nurse, providing care to residents over a period of approximately three years.

13. On or about **November 12, 2024**, Plaintiff was hired as a **full-time salaried Health Services Director (Director of Nursing)**.

14. Plaintiff reported to **Executive Director Mickey Hale**.

### Sexual Harassment and Hostile Work Environment

15. Beginning in **November 2024**, Plaintiff was subjected to sexual harassment, intimidation, and a hostile work environment created by Executive Director **Mickey Hale**.

16. Mr. Hale's conduct included hostility toward Plaintiff and toward staff under Plaintiff's supervision, creating an abusive and intimidating workplace.

17. The harassment was severe and pervasive and altered the terms and conditions of Plaintiff's employment.

### Protected Activity

18. On **February 14, 2025**, Plaintiff engaged in protected activity by reporting sexual harassment and hostile conduct by Mr. Hale to Human Resources.

19. Plaintiff reasonably believed she was reporting unlawful discrimination

prohibited by Title VII.

**Retaliation**

20. On February 21, 2025, one week after Plaintiff's complaint, Defendants suspended Plaintiff without pay, and without any meaningful investigation, warning, or prior discussion. At the time of the suspension, Plaintiff had received positive feedback, had no disciplinary history, no verbal warnings or written reprimands, and was fulfilling her job duties satisfactorily.

21. Plaintiff was prohibited from entering the facility, communicating with staff, or performing her job duties.

22. During the suspension, Human Resources ignored Plaintiff's attempts to communicate by email, phone, and text. Plaintiff received no response, interview, or opportunity to provide information regarding the allegations or suspension.

23. On or about February 27, 2025, Defendants abruptly terminated Plaintiff's employment under a pretextual claim of "conflict of interest."

24. The stated reason for termination was false and was used to mask retaliation for Plaintiff's protected activity.

25. On **March 7, 2025**, Defendants banned Plaintiff from the facility and threatened current employees and former colleagues with termination if they communicated or were seen with Plaintiff.

**Harm**

26. As a result of Defendants' actions, Plaintiff suffered loss of income, including at least three months of unemployment and a subsequent reduction in annual earnings of approximately **$13,000 per year**.

27. Plaintiff lost a **$92,000 job opportunity**, as well as professional relationships and community connections, as a result of reputational harm caused by Defendants' conduct.

28. Plaintiff's career trajectory and professional reputation in the nursing community were severely damaged, forcing a significant change in nursing specialty and occupation.

29. Plaintiff experienced significant emotional distress, including anxiety, depression, insomnia, panic attacks, and physical health decline.

30. Plaintiff ultimately filed for bankruptcy as a direct result of the sudden loss of income and employment.

_____

## IV. CLAIMS FOR RELIEF

**COUNT I – Sex Discrimination and Hostile Work Environment**

(Title VII – 42 U.S.C. § 2000e-2)

31. Plaintiff incorporates all preceding paragraphs.
32. Plaintiff was subjected to unwelcome harassment based on sex.
33. The harassment was severe or pervasive enough to create a hostile work environment.
34. Defendants knew or should have known of the harassment and failed to take prompt corrective action.

**COUNT II – Retaliation**

(Title VII – 42 U.S.C. § 2000e-3)

35. Plaintiff incorporates all preceding paragraphs.
36. Plaintiff engaged in protected activity by reporting sexual harassment.
37. Defendants subjected Plaintiff to materially adverse actions, including suspension without pay and termination.
38. There is a direct causal connection between Plaintiff's protected activity and the adverse actions.

---

## V. DAMAGES

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered:
- Back pay and lost wages;
- Front pay and loss of future earning capacity;
- Emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;
- Damage to professional reputation;
- Out-of-pocket expenses.

---

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages in an amount to be determined at trial, including but not limited to:

- **At least $200,000 or more** for income, wage, career, and reputational damages;
- **$100,000–$200,000 or more** for emotional distress damages;

C. Award punitive damages as permitted by law;

D. Award costs and allowable attorney's fees under Title VII;

E. Grant such other and further relief as the Court deems just and proper.

____

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jenna Barrington
Jenna Barrington
Plaintiff, Pro Se
Date: 01/10/2026